**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Angel DIAZ–TOLAYO, Defendant–Appellant.**

No. 02–3152.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.

Decided Jan. 13, 2004.

James P. Fleissner, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Angel Diaz–Tolayo, pro se, San Antonio, TX, for Defendant–Appellant.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Angel Diaz–Tolayo pleaded guilty to being present in the United States without permission after having been removed previously, 8 U.S.C. § 1326(a), and was sentenced to 57 months' imprisonment. Diaz–Tolayo filed a notice of appeal, but his appointed counsel seeks to withdraw, being unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Diaz–Tolayo has responded under Circuit Rule 51(b). We limit our review to the potential issues identified both by counsel and Diaz–Tolayo. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel discerns just one conceivable appellate argument: that the district court erred in denying Diaz–Tolayo's motion for a downward departure on the ground that his criminal history was overstated. At sentencing Diaz–Tolayo argued that the district court should depart downward from the guideline imprisonment range because his criminal history category significantly overstated the seriousness of his criminal history. In response the district court examined each criminal offense and calculated the points according to the guidelines. The court then declined to depart, explaining that,

> [i]n terms of the overall issue, it is certainly true that Mr. Diaz–Tolayo … is probably lower down in the scheme of things than a good many people who have criminal history categories of 4, but I can't say that he is significantly below the norm or the range of norms. And I think that is what I would have to do in order for him to qualify for a downward departure on this basis.

We have repeatedly held that if the district court understood its discretion to depart downward but chose not to, we have no jurisdiction to review the refusal to depart. *E.g., United States v. Aron,* 328 F.3d 938, 940 (7th Cir.2003); *United States v. Schuh,* 289 F.3d 968, 974 (7th Cir.2002). Here, the district court recognized its ability to depart downward but decided that a departure was unwarranted because Diaz–Tolayo's criminal history category was not overstated. We would not have jurisdiction to review this discretionary decision, *see Aron,* 328 F.3d at 940, so counsel is correct that an appeal resting on the refusal to depart would be frivolous.

In Diaz–Tolayo's Rule 51(b) response, he argues that his trial counsel was ineffective both before and at sentencing. We have frequently observed that a claim of ineffective assistance of counsel is better saved for collateral review where matters outside the record can be developed. *See Schuh,* 289 F.3d at 976; *see also Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). We have the same observation here, and we decline to address the issue.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.